** Summary ** CONFLICT OF INTEREST — PRESIDENT OF CONTRACTING CORPORATION RELATED TO SCHOOL BOARD MEMBER A school district may not legally enter into a contract with a corporation for any purpose where a board member!s son is the president and principle stockholder of said corporation and/or the board member himself is an incorporator of said corporation, pursuant to the prohibition as contained within 70 O.S. 124 [70-124] (1971). The Attorney General has considered your opinion request wherein you ask the following question: "1. May the principal of a school legally enter into a contract with the corporation to take portraits of seniors and pictures of all students within the school if said pictures are paid for by the student?" "If the answer to the first question is in the affirmative" "2. Would it be legal for monies to be collected from the students through the school and deposited in an activity fund account, and for the school to retain a percentage and pay the corporation its portion by an activity fund check? "3. May the school receive a commission in either cash or merchandise from the monies collected from the students by the corporation? "4. May the pictures be taken and the money collected at the school "5. May the board of education accept a bid from the corporation for various supplies, equipment, and/or services if it is the lowest bid for specifications?" Your letter indicates that the corporation in question has as its president and principle stockholder the son of a board of education member and the board member himself being an incorporator of the corporation although owning no stock. Title 70 O.S. 5-124 [70-5-124] (1971) provides as follows: "No board of education of any school district in this state shall make any contract with any of its members or with any company, individual or business concern in which any of its members shall be directly or indirectly interested. All contracts made in violation of this section shall be wholly void. A member of the board of education shall be considered to be interested in any contract made with any company, individual or any business concern if such member of the board of education or any m, ember of his immediate family owns any substantial interest in same." (Emphasis added) Attorney General Opinion addressed to the Honorable Charles G. Morris, State Examiner and Inspector, dated March 4, 1953, held that a contract with a person related to a member of a board of education in the second degree and not residing in the same household is not prohibited under Section 70 O.S. 5-124 [70-5-124]. In said opinion, it was held that the words "immediate family" as contained within Section 5-124, refers to a board member and his spouse and children, all residing in the same household, any one of whom would be a member of such family. Such a construction would include the son of the board member except that you indicate said son does not live presently within the same household. Section 70 O.S. 5-104 [70-5-104], though, does not specify that said family member must actually reside in the family's household. Further, the very fact that the board member himself is an incorporator of the corporation in question, even though he owns no stock, would cause such interest to clearly fall within the purview of Section 5-124 as an "indirect interest." Therefore, it is the opinion of the Attorney General that your first question be answered in the negative. A school district may not legally enter into a contract with a corporation for any purpose where a board member's son is the president and principle stockholder of said corporation and/or the board member himself is an incorporator of said corporation, pursuant to the prohibition as contained within 70 O.S. 5-124 [70-5-124] (1971). Attorney General Opinion addressed to the Honorable Charles G. Morris (March 4, 1953) is overruled inasmuch as it conflicts with this opinion. Your first question being answered in the negative, it is therefore not necessary to answer questions 2 through 5. (Larry L. French) ** SEE: OPINION NO. 73-190 (1973) ** ** SEE: OPINION NO. 73-234 (1973) ** ** SEE: OPINION NO. 77-155 (1977) ** ** SEE: OPINION NO. 79-183 (1979) ** ** SEE: OPINION NO. 80-134 (1980) **